# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLTON GIBBS, | § | |
| | § | No. 15, 2015 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for Sussex County |
| | § | |
| STATE OF DELAWARE | § | |
| | § | No. 1404012907 |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: November 4, 2015
Decided: December 1, 2015

Before **STRINE**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Santino Ceccotti, Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Kathryn J. Garrison, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware, for Appellee.

**VAUGHN**, Justice:

Defendant-Below/Appellant Carlton Gibbs appeals from the Superior Court's denial of his motion for judgment of acquittal. He raises two claims. First, he claims that he could not be found guilty of Failure to Stop at the Command of a Police Officer[1] because Deputy United States Marshals do not qualify as police officers. Second, he claims that he could not be found guilty of Title 21 offenses because he was on private property when they are alleged to have occurred. We reject his claims and affirm.

## I. FACTS AND PROCEDURAL HISTORY

In March or April 2014, the Delaware State Police contacted the Capital Area Regional Fugitive Task Force and requested help in locating and arresting Gibbs, who had been wanted since September 2013. The Task Force was comprised of Maryland State Police officers, Maryland Parole and Probation officers, and Maryland county and municipal police officers who had been deputized as United States Marshals and operated unmarked vehicles provided by the federal government. On April 17, 2014, the Task Force was conducting surveillance in Millsboro, Delaware when an individual, believed to be Gibbs, was observed at a house on Arwill Lane. Later that day, the individual left in a silver Suzuki Sport Utility Vehicle and drove down

---

[1] 21 *Del. C.* § 4103.

2

Mitchell Road. The Task Force followed the Suzuki and attempted a "vehicle pin"[2] maneuver as it approached the intersection of Mitchell Road and U.S. Route 113. The maneuver was unsuccessful.

The Task Force then pursued the Suzuki on U.S. Route 113. The Suzuki pulled into a liquor store parking lot, where it was followed by a Task Force member with activated emergency lights and sirens. As the officer attempted to maneuver in front of the Suzuki, the two vehicles collided. Despite the collision, the Suzuki continued on for about another mile before stopping. Gibbs was identified as the Suzuki's driver. He was charged with Driving with a Suspended License, Failure to Stop at the Command of a Police Officer, Reckless Driving, Leaving the Scene of a Property Damage Accident, Failure to Report an Accident, and Failure to Provide Information at an Accident Scene. At a first trial, the jury convicted Gibbs of Driving with a Suspended License but was unable to reach a unanimous decision on the remaining charges.

A second trial on the unresolved charges commenced in October 2014. At the conclusion of the State's case-in-chief, Gibbs moved for judgment of acquittal on the charges of Failure to Stop at the Command of a Police Officer and Failure to Report an Accident. As to Failure to Stop at the Command of a Police Officer, Gibbs made

---

[2] A "vehicle pin" is a technique that involves positioning a law enforcement vehicle in front of and behind the suspect vehicle, and wedging it between them once it comes to a stop.

3

two arguments: (1) Deputy United States Marshals are not police officers, and (2) the offense could not occur on private property, namely, the liquor store parking lot. As to Failure to Report an Accident, he argued that the offense could not occur on private property. The trial court denied both motions. The trial court found that the deputized United States Marshals were federal officers operating within Delaware at the request of the Delaware State Police pursuant to 11 *Del. C.* § 1912. As to the charge of Failure to Report an Accident, the trial court held that Title 21 should not be interpreted to apply only to public highways.[3]

Gibbs was found guilty of Failure to Stop at the Command of a Police Officer, Leaving the Scene of an Accident, and Failure to Provide Information at an Accident Scene. He was found not guilty of Failure to Report an Accident, and the jury was unable to reach a unanimous decision on Reckless Driving. This appeal followed.

## II. DISCUSSION

This Court reviews an insufficiency of evidence claim to determine "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[4] "In deciding questions of statutory construction we must determine 'whether the [trial court] erred as a

---

[3] Gibbs also requested a limiting instruction that to be found guilty of Failure to Stop at the Command of a Police Officer, it must have been on public property, which the trial court denied for the same reason.

[4] *Robertson v. State,* 596 A.2d 1345, 1355 (Del. 1991).

4

matter of law in formulating or applying legal principles.' Therefore, our review of the [trial] judge's interpretation is *de novo*."[5]

First, Gibbs claims that the trial court erred in denying his motion for judgment of acquittal as to the charge of Failure to Stop at the Command of a Police Officer because Deputy United States Marshals are not "police officers" for purposes of 21 *Del. C.* § 4103(b).[6] Specifically, he claims that Deputy United States Marshals are not defined as police officers in 11 *Del. C.* § 1911 or § 8401. This claim lacks merit because Deputy United States Marshals are defined as police officers under 11 *Del. C.* § 1912.[7] Under § 1912:

> A sworn federal law-enforcement officer, who in an official capacity is authorized by law to make arrests, shall have the same legal status . . . in this State as a member of the Delaware State Police when making an arrest in this State . . . if . . . [t]he federal officer is rendering assistance to a peace officer of this State in an emergency or at the request of the peace officer.[8]

Officers of the United States Marshals Service, including deputized officers, are

---

[5] *Delaware Ins. Guar. Ass'n v. Christiana Health Servs., Inc.*, 892 A.2d 1073, 1076 (Del. 2006).

[6] 21 *Del. C.* § 4103(b) ("Any driver who, having received visual or audible signal from a police officer identifiable . . . by a clearly discernable police signal to bring the driver's vehicle to a stop, operates the vehicle in disregard of the signal . . . shall be guilty of a class G felony . . . .").

[7] *See* 11 *Del. C.* § 1911(h) ("This section shall not serve to limit the authority of members of the Delaware State Police or other police officers as provided for elsewhere in this title or by other authority.").

[8] 11 *Del. C.* § 1912.

5

sworn federal law-enforcement officers authorized to make arrests under federal law.[9]

It is undisputed that the Delaware State Police requested assistance from the Task Force, all the members of whom were deputized, in apprehending Gibbs. The Task Force had the same legal status as the Delaware State Police when Gibbs was arrested. Chapter 84 of Title 11, titled "Delaware Police Training Program," concerns the training of Delaware police officers and is not relevant in this case.[10] Thus, the trial court was correct in denying Gibbs' claim that the Deputy United States Marshals in this case were not police officers when they apprehended Gibbs.

Second, Gibbs contends that Title 21 violations require a finding that the violations occurred on a public highway. In the summary of his argument, he refers to all Title 21 offenses. In the argument section of his opening brief, Gibbs makes this argument only as to the charges of Leaving the Scene of an Accident, Failure to Report an Accident, and Failure to Provide Information at the Accident Scene. He does not argue that Failure to Stop at the Command of a Police Officer can occur only

---

[9] 28 U.S.C. § 566 ("Each United States marshal, deputy marshal, and any other official of the Service as may be designated by the Director may carry firearms and make arrests without warrant for any offense against the United States committed in his or her presence, or for any felony cognizable under the laws of the United States if he or she has reasonable grounds to believe that the person to be arrested has committed or is committing such felony.").

[10] *See* 57 Del. Laws ch. 261 (1969) ("[I]t is vital and necessary to public safety and security in these modern times to improve the administration of local and county law enforcement in order to better protect the health, safety and welfare of the citizens of this State, and, to that end, it is necessary and feasible to bring about such improvement through compulsory and uniform education and training for persons who seek to become permanent law enforcement officers[.]").

on a public highway. Moreover, it appears from the record that the offense of Failure to Stop at the Command of a Police Officer continued to occur when Gibbs re-entered the public highway after leaving the parking lot. Thus, his argument that Failure to Stop at the Command of Police Officer can occur only on a public highway is abandoned or overcome by the fact that the offense occurred, at least in part, on the public highway.

Gibbs' claim is moot as to the charge of Failure to Report an Accident because he was found not guilty of that charge. Further, this Court cannot consider his claim as to Failure to Provide Information at the Accident Scene because the penalty was a twenty-five dollar fine, which is below the minimum jurisdictional requirement as set forth in the Delaware Constitution.[11]

We review Gibbs' claim that Leaving the Scene of an Accident cannot occur on private property under a plain error standard of review.[12] This offense is set forth in 21 *Del. C.* § 4201.[13] In *Zhurbin v. State*, this Court held that "a collision can occur on public or private property for purposes of § 4201, based on the plain language of the statute and the General Assembly's express purpose in amending a previous

---

[11] Del. Const. art. IV, § 11(1)(b) (providing this Court with jurisdiction over criminal appeals in which the fine exceeds one hundred dollars).

[12] *Monroe v. State,* 652 A.2d 569, 563 (Del. 1995).

[13] 21 *Del. C.* § 4201(a) ("The driver of any vehicle involved in a collision resulting in apparent damage to property shall immediately stop such vehicle at the scene of the collision.").

7

version that did have such a limitation."[14]  The trial court correctly determined that § 4201 violations are not limited to public highways and no plain error occurred. Thus, Gibbs' second claim lacks merit.

## III. CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is **AFFIRMED**.

---

[14] *Zhurbin v. State,* 104 A.3d 108, 109 (Del. 2014).

8